**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KATYA ROSTOMYAN JORICH, | No. 08-70135 |
| Petitioner, | Agency No. A079-258-316 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Katya Rostomyan Jorich, a native of the former Soviet Union and citizen of

Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Jorich does not contend she suffered past persecution in Armenia. Substantial evidence supports the agency's finding that Jorich failed to establish a well-founded fear of persecution on account of a protected ground, where her fear of returning to Armenia was due to her lack of ties to the country. *See* 8 U.S.C. § 1101(a)(42)(A); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481-82 (1992); *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir. 1998). Accordingly, Jorich's asylum claim fails.

Because Jorich did not establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Jorich failed to show that it is more likely than not that she will be tortured if

returned to Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

We lack jurisdiction to review Jorich's due process claim that the IJ should have sua sponte continued her hearing, because she failed to exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Jorich's remaining due process contentions concerning the conduct of her hearing fail because the proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal citation omitted); *see also Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 927 (9th Cir. 2007).

Finally, the BIA correctly determined that Jorich failed to demonstrate prejudice, so her ineffective assistance of counsel claim fails. *See Mohammed*, 400 F.3d at 793-94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**